## Kuhn v. Torr Construction Company, Inc.

Before McDonald, P. J., McWilliams, O'Kicki, JJ., and Smorto, P. J., O. C. Div.

*Robert J. Cassidy,* for plaintiff.
*Caram J. Abood,* for principal defendant.
*R. McCabe, Jr.,* for surety.

O'KICKI, J., January 30, 1974.—The question before the court is whether a bonding company, which issued to a prime contractor a performance and labor and materials bond, is liable for damage to equipment leased to the prime contractor when the damage was caused by the negligent operation of such equipment by the prime contractor's employes.

A suit in assumpsit was filed by Wilfred Kuhn against Torr Construction Company, as principal and Peerless Insurance Company as surety, on a performance and labor and material bond. This bond was purchased by the principal in connection with the award to the principal of a contract by the General State Authority for the construction of certain improvements at Prince Gallitzin Park in Cambria County.

The principal, upon assumption of the work at the said park site, entered into a verbal lease agreement for the rental of plaintiff's tractor-highlift, without operator, at a rate of $200 per month, the lessee to perform all required maintenance thereon during the period of use. At the trial the evidence showed that the principal did use the equipment for a period of five months and that the rental due and unpaid was $1,000. However, while the tractor-highlift was in the possession of the prime contractor, its housing was damaged considerably. The damage was caused when the prime contractor's employes tried to operate it while its tracks were immobilized by frozen mud. The cost incurred by plaintiff for the necessary repairs was

$3,300. The jury returned a verdict against both the principal and the surety for the unpaid rental of $1,000 and the repairs in the said amount of $3,300. The surety filed a motion for a new trial.

"Before any contract exceeding $5,000 for the construction, reconstruction, alteration or repair of any public building or other public work or public improvement, including highway work, or any contracting body is awarded to any prime contractor, such contract must, by law, furnish to the contracting body [certain] bonds, which become binding upon the awarding of [any such] contract to [the prime] contractor": Act of December 20, 1967, P. L. 869, 8 PS §193(a).

This act provides that one of the bonds to be furnished thereunder is "a payment bond at one hundred percent of the contract amount . . . solely for the protection of claimants supplying labor or materials to the prime contractor to whom the contract was awarded, or to any of his subcontractors, in the prosecution of the work provided in said contract, and shall be conditioned for the prompt payment of all such material furnished or labor supplied or performed in the prosecution of the work."

This section of the statute further provides that "'labor and materials' shall include public utility services and *reasonable rentals of equipment,* but only for periods when the equipment rented is actually used at the site": 8 PS §193(2). (Italics supplied.)

Thus, the question before the court is whether the surety is liable, under the bond issued in conformity with the said statutory provisions, for the damage caused to said equipment by the prime contractor's negligent operation thereof, or that of his employes in the course of their employment.

As we view the applicable law, while the prime

contractor is liable for the damages to the leased equipment caused by the negligence of its employes, the surety is not liable for such damages under a "labor and material bond": United States of America for the use of Maron v. Hartford Accident & Indemnity Company, 204 F. Supp. 353.

In the said Maron case, a surety bond was furnished by a prime contractor under the Miller Act, 40 U.S.C. §§270(a-d), 49 Stat. 793, as amended, similar to the Pennsylvania statute above cited, for the furnishing of bonds by prime contractors in Federal projects. The Federal rule with respect to such bonds is that they are to be liberally construed. In Glassell-Taylor Co. et al. v. Magnolia Petroleum Co., 153 F. 2d 527 (5th Cir.), the court stated that "The Miller Act . . . is highly remedial in nature. It is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those who furnish labor or materials for public works." However, according to the Federal court cases, while the subcontractor does have a remedy for the recovery of the value of labor and materials supplied by him in the prosecution of the work covered by such bond, the subcontractor may not maintain an action against the surety on a Miller Act bond for the recovery of damages caused by the negligence of the prime contractor, the principal on such bond. See 17 Am. Jur. 2d, §76, 252. In 13 Couch on Insurance 2d, §47:359, 488, it is stated that "the loss sustained through the damage to road construction equipment by its negligent use does not come by the coverage of 'materials' or 'supplies' as used in a public contractor's bond."

A review of Pennsylvania cases indicates that our courts have long held that surety is not liable for the permanent repairs to a contractor's equipment. In

Tioga County Commissioners v. C. Davis, Inc., 439 Pa. 285, it was held that a surety was not bound to pay for a tractor purchase by a prime contractor even though it was used on a bonded job. In Commonwealth to use of Walter's Tire Service, Inc. v. National Union Fire Insurance Company, 434 Pa. 235, it was held that minor repairs were covered by a surety bond as are items reasonably expected to be used up or consumed on the bonded project. However, the Supreme Court in the Tioga County case, supra, stated on page 290: "We simply do not believe that permanent repairs on a multi-use piece of contraction equipment fall within the coverage of the bond."

Therefore, the surety is liable for rentals on the bond. It is not liable for the damages to the leased equipment. Therefore, we enter the following

## ORDER

And now, January 30, 1974, the motion of defendant, Peerless Insurance Company, is granted with respect to any liability for damages to plaintiff's equipment.